# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| DONALD BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-056 |
| | ) | |
| | ) | |
| OFFICER WILLIE J. TYLER, | ) | |
| DISTRICT ATTORNEY LARRY | ) | |
| CHISOLM, PUBLIC DEFENDER | ) | |
| JACQULINE CARVANA, and | ) | |
| PUBLIC DEFENDER TODD | ) | |
| MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Donald Bryant, a three-striker under 28 U.S.C. § 1915(g), has submitted for filing a 42 U.S.C. § 1983 complaint alleging that he was subjected to an illegal search warrant, falsely arrested, falsely imprisoned, and had his case mishandled by the public defenders assigned to defend him.  (Doc. 1 at 5-8.)  Since plaintiff is barred from proceeding *in forma pauperis*, his complaint should be dismissed.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court.  28 U.S.C. § 1914.  Indigent prisoners

may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C.

§ 1915.  In order to proceed IFP, however, serial-filers must surmount §

1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The Eleventh Circuit has held that a prisoner barred

from proceeding IFP due to the "three strikes" provision in § 1915(g) must

pay the complete $350 filing fee when he initiates suit.  *Vanderberg v.*

*Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  Therefore, the proper

procedure for a district court faced with a prisoner who seeks IFP status

but is barred by the "three strikes" provision is to dismiss the complaint

without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002).

Bryant has at least three strikes under § 1915(g).  *See Bryant v.*

*Morris*, No. CV194-3276 (N.D. Ga. Dec. 9, 1994) (dismissed pursuant to §

1915); *Bryant v. Chisolm*, No. CV411-066 (S.D. Ga. Jun. 15, 2011)

(dismissed for failure to state a claim); *Bryant v. Corizon Health Care Servs.*, No. CV411-178 (S.D. Ga. Dec. 12, 2011) (dismissed for failure to exhaust his administrative remedies). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

In order to fit within the "imminent danger" exception, Bryant must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350 at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547 at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). In this case, Bryant's claims relate to misconduct committed at the time of his arrest and prosecution and have nothing whatsoever to do with his

current confinement. Nowhere does he allege that he faces any sort of present danger, imminent or otherwise.

Because Bryant is three-strikes barred, his complaint (doc. 1) should be dismissed. As an alternative basis for dismissal, the Court notes that Bryant's illegal search claim arose more than two years prior to filing this suit. Hence, that claim is time-barred under the applicable statute of limitations. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). He seeks damages for the remainder of his claims (doc. 1 at 9), but former District Attorney Larry Chisolm cannot be sued for damages in his individual capacity for his prosecutorial decisions. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'").

4

Nor can he be sued for damages in his official capacity, because such suits are barred by Eleventh Amendment sovereign immunity.[1] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies).   Finally, defendants Carvana and Martin cannot be sued at all under § 1983, because they are not state actors, as the statute requires.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act as state actors, and they are thus not suable under § 1983).  Hence, even if Bryant pays the filing fee, his suit is doomed to fail.

For all of the reasons explained above, Bryant's case should be **DISMISSED WITH PREJUDICE**.

---

[1]   "[S]uits against an official in his or her official capacity are suits against the entity the individual represents."  *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989).   The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law.   The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority."  *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**